# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-1795      U.S. v. RANIERE

**Motion For:** Remand to district court for further restitution-related proceedings that will likely moot this appeal

**Set forth below precise, complete statement of relief sought:**

Following approval by MLARS of the government's request for remission, the government requests that the court remand the case pursuant to the procedures set forth in United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994), for further proceedings that will likely moot this appeal.

**MOVING PARTY:** APPELLEE      **OPPOSING PARTY:** APPELLANT

☐ Plaintiff      ☐ Defendant
☐ Appellant/Petitioner      ☒ Appellee/Respondent

**MOVING PARTY:** Kevin Trowel, AUSA      **OPPOSING PARTY:** Joseph Tully, Esq.

U.S. Attorney's Office      Tully & Weiss
271-A Cadman Plaza East Brooklyn, N.Y. 11201      713 Main Street / Martinez, CA 94553
(718) 254-6469; Kevin.Trowel@usdoj.gov      925-229-9700

**Court-Judge/Agency appealed from:** The Honorable Nicholas G. Garaufis, U.S.D.J., E.D.N.Y.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes    ☐ No (explain):

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed    ☐ Opposed    ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes    ☐ No    ☒ Don't Know

Is oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)
Has argument date of appeal been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

/s/ Kevin Trowel      **Date:** 1/10/2023      **Service by:** ☒ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------- x

UNITED STATES OF AMERICA,

                Appellee,

      v.

KEITH RANIERE,

        Defendant-Appellant.

DECLARATION IN SUPPORT
OF MOTION FOR REMAND
FOR FURTHER RESTITUTION-
RELATED PROCEEDINGS

Docket No. 21-1795

------------------------------- x

      KEVIN TROWEL hereby declares the following under 28 U.S.C. § 1746:

      1.   I am an Assistant United States Attorney for the Eastern District of New York. The United States is the appellee in the above-captioned criminal appeal. I make this declaration in support of the government's motion to remand this case — in which the appellant challenges certain aspects of the district court's restitution order — to the district court for further restitution-related proceedings that the government anticipates will moot this appeal. The government also respectfully requests that the Court accept this motion to remand in lieu

2

of any further update letters pursuant to the Court's September 17, 2021 order holding the above-captioned case in abeyance.

## Background

2. The defendant Keith Raniere was convicted following a six-week jury trial of racketeering, racketeering conspiracy and numerous other counts, for which he was sentenced principally to a total term of 120 years' imprisonment. His codefendant Clare Bronfman was convicted by guilty plea of various offenses and sentenced to a term of 81 months' imprisonment. In connection with Bronfman's plea agreement, she agreed to forfeit $6 million.

3. On December 6, 2022, the Court affirmed Raniere's conviction and Bronfman's sentence in 20-3520 (L), 20-3789 (Con). See United States v. Raniere, No. 20-3520, 2022 WL 17544087 (2d Cir. Dec. 9, 2022)

4. In this appeal, docketed as 21-1795, Raniere challenges the district court's restitution order, entered on July 20, 2021, directing Raniere to pay monetary restitution to the victims of his offenses totaling approximately $3.46 million (the "Restitution Appeal"). See 18-CR-204

3

(NGG) (July 20, 2021) (CM/ECF Dkt. Nos. 1072, 1073 (district court's supplemental sentencing statement and order)).

5. On September 17, 2021, this Court stayed the Restitution Appeal on consent of the parties pending the government's request to the Department of Justice's Money Laundering and Asset Recovery Section ("MLARS") for remission, pursuant to 18 U.S.C. § 1963(g), 21 U.S.C. § 853(i) and 28 C.F.R. Part 9.1. (See 21-1795 (CM/ECF Dkt. No. 23)). As the government noted in its motion to stay the Restitution Appeal, the government intended to request that MLARS grant the government's request for remission with respect to a portion of the $6 million that Bronfman forfeited in connection with her plea agreement; a request that, if granted, would likely render the Restitution Appeal moot. (Id. (CM/ECF Dkt. No. 19))

6. The Court granted the government's motion to stay the Restitution Appeal on September 17, 2021 and directed the government

---

[1] See, e.g., United States v. Afriyie, No. 16-CR-377 (PAE), 2017 WL 6375781, at *2 n.3 (S.D.N.Y. Dec. 11, 2017) (explaining that "[r]emission is the process by which the Attorney General directly returns forfeited property to its owner or to the victim of the crime. . . . Restoration allows the Attorney General to transfer forfeited funds to the court, in order to satisfy a criminal defendant's restitution order.").

4

to provide regular updates thereafter concerning the status of the government's request to MLARS for remission.

7. As noted in the government's recent updates, on or about March 8, 2022 the Attorney General and his designees at MLARS approved the government's remission petition.

8. As further noted in the government's recent updates, all but one of Raniere's victims have now received their court-ordered restitution from the Clerk of Court for the Eastern District of New York. The remaining victim has not received a check and is currently working with the Department of the Treasury to address her situation.

## Discussion

9. In light of MLARS's decision to grant remission and the receipt by all but one victim of the full amount of restitution owed to them, the government requests that the Court remand the case to the district court for further restitution-related proceedings. Counsel for the single victim that has not yet received restitution consents to this request.[2]

---

[2] As noted above, the remaining victim is currently working with the government to address the outstanding payment. Those efforts

10. Once jurisdiction is returned to the district court, the government anticipates that it will move for an order recognizing that Raniere's restitution obligations in this case have been satisfied through the remission process.

11. The government anticipates that such an order will moot this appeal. See, e.g., United States v. Balint, 201 F.3d 928, 936 (7th Cir. 2000) (holding that restitution order was rendered moot when a codefendant satisfied restitution obligation because "[e]ven if the trial court erred in ordering the . . . defendants to repay the [victim], our stating so would provide no relief to [appellants]. We cannot relieve them of an obligation that has already been extinguished by another party.").

12. The government requests that the Court remand this matter to the district court using the procedure set forth in United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994). Consistent with Jacobson and its progeny, this Court would retain jurisdiction over the matter and "[u]pon a decision by the district court [on the appellant's restitution obligation],

---

do not involve Raniere and there is therefore no reason to continue the stay in this Court pending their resolution.

6

full jurisdiction will be restored to this Court and this panel by either party informing us by letter of the district court's decision." United States v. Galanis, 759 F. App'x 88, 93 (2d Cir. 2019). This procedure is consistent with 28 U.S.C. § 2106 and will obviate the need for Raniere to file a new notice of appeal if he seeks further restitution-related proceedings in this Court following remand.

WHEREFORE, it is respectfully requested that the Court grant the government's motion to remand this case for further restitution-related proceedings pursuant to the procedure outlined in United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994).

I declare under penalty of perjury that the foregoing is true and correct.

/s/
KEVIN TROWEL
Assistant U.S. Attorney

Executed on January 10, 2023
Brooklyn, New York